IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 29 2012

JAMES N. HATTEN, Clerk
By: _____

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) ) ) ) |
| Petitioner, | ) ) Misc. No. _____ |
| v. | ) ) **1:12-CV-3005** |
| LABMD, INC., and | ) ) |
| MICHAEL J. DAUGHERTY, | ) ) |
| Respondents. | ) ) ) ) |



**PETITION OF THE FEDERAL TRADE COMMISSION FOR AN ORDER
TO ENFORCE CIVIL INVESTIGATIVE DEMANDS**

Petitioner, the Federal Trade Commission ("FTC" or "Commission") petitions this Court, pursuant to Sections 16 and 20 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 56 and 57b-1, 28 U.S.C. §§ 1337 and 1345, and Fed. R. Civ. P. 81(a)(5), for an order requiring respondents, LabMD, Inc. ("LabMD") and Michael J. Daugherty, to comply with Civil Investigative Demands ("CID"), a type of administrative compulsory process, issued to respondents on December 21, 2011. The CIDs direct LabMD and Mr. Daugherty

1

to appear for testimony and to respond to interrogatories, require LabMD to produce documents in response to a document request, and instruct both respondents to provide a sworn verification as to these responses. The CIDs were issued in the course of a non-public investigation concerning possible violations by respondents of Section 5 of the FTC Act, 15 U.S.C. § 45(a), with respect to unfair or deceptive acts or practices involving consumer privacy and/or data security.

The Declaration under penalty of perjury of Alain Sheer, which verifies the allegations of this Petition, is attached hereto as Petition Exhibit 1.

In support of its Petition, the Commission alleges as follows:

1.  The Commission is an administrative agency of the United States, organized and existing pursuant to the FTC Act, 15 U.S.C. § 41 *et seq*. The Commission is authorized by Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), to prohibit, *inter alia*, "unfair or deceptive acts or practices in or affecting commerce."

2.  In order to determine whether violations of Section 5 may have occurred, Section 3 of the FTC Act, 15 U.S.C. § 43, empowers the Commission to prosecute any inquiry necessary to its duties in any part of the United States. Section 6 of the Act, 15 U.S.C. § 46, empowers the Commission to gather and compile information concerning, and to investigate from time to time, the business

and practices of persons, partnerships or corporations engaged in or whose business affects commerce, with certain exceptions not relevant here; and Section 20 of the FTC Act, 15 U.S.C. § 57b-1, empowers the Commission to issue CIDs to require any person, *inter alia*, to produce documentary material, to file written reports or answers, and to give oral testimony relating to any Commission law enforcement investigation.

3.  This Court has jurisdiction over respondents and the authority to enforce the CIDs pursuant to Section 20(e) of the FTC Act, which provides, in pertinent part as follows:

> Whenever any person fails to comply with any civil investigative demand duly served upon him under this section, or whenever satisfactory copying or reproduction of material requested pursuant to the demand cannot be accomplished and such person refuses to surrender such material, the Commission, through such officers or attorneys as it may designate, may file, in the district court of the United States for any judicial district in which such person resides, is found, or transacts business, and serve upon such person, a petition for an order of such court for the enforcement of this section.

15 U.S.C. § 57b-1(e).

4.  Respondent LabMD, Inc., is a Georgia corporation located at 2030 Powers Ferry Road, Building 500, Suite 520, Atlanta, Georgia, 30339. It performs medical testing services for patients in Georgia and other parts of the United States.

Pet. Exh. 1 ¶ 3. Respondent Michael J. Daugherty is the owner and president of LabMD. Pet. Exh. 1 ¶ 1. Respondents engage in commerce throughout the country, including in this district, as the term "commerce" is defined in Section 4 of the FTC Act. 15 U.S.C. § 44. As respondents have engaged in commerce in this district, and maintain documents and information responsive to the CIDs within this district, the Northern District of Georgia is a jurisdiction within which respondents "reside, [are] found, or transact[] business . . . ." Thus, venue is proper under Section 20 of the FTC Act. 15 U.S.C. § 57b-1(e).

5. On January 3, 2008, the Commission issued a "Resolution Directing Use of Compulsory Process in Nonpublic Investigation of Acts and Practices Related to Consumer Privacy and/or Data Security." The resolution authorized any and all compulsory process available to the Commission to be used in investigations

> To determine whether unnamed persons, partnerships, corporations, or others are engaged in, or may have engaged in, deceptive or unfair acts or practices related to consumer privacy and/or data security, in or affecting commerce, in violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C. 45, as amended.

File No. P954807 (Jan. 3, 2008).

6. In 2009, FTC staff learned that some consumers' personally-identifiable and sensitive health information was available on easily-accessible

peer-to-peer ("P2P") file sharing networks, Pet. Exh. 1 ¶ 4, a matter that raised concern in light of the ease with which users share and transfer files and information directly between individual computers on P2P networks. *See, e.g.*, FTC Staff Report, "Peer-to-Peer File-Sharing Technology: Consumer Protection and Competition Issues," *available at* http://www.ftc.gov/reports/p2p05/050623p2prpt.pdf (June 2005); *see also United States v. Gabel*, No. 10-60168, 2010 WL 3927697, at *2 & n.3 (S.D. Fla. Sep. 16, 2010)(describing the operations of P2P networks).

7. Staff undertook an inquiry to determine whether disclosures of consumers' sensitive personal information were attributable to failures to employ reasonable data security measures in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), or whether they violated any other statutes or regulations enforced by the Commission. Pet. Exh. 1 ¶ 4. As part of this inquiry, Commission staff consulted with several third parties with expertise in P2P networks, including Tiversa, Inc. *Id.*

8. In the course of this inquiry, the Commission issued a CID in order to obtain copies of electronic files that were located on P2P networks and that contained sensitive information. Pet Exh. 1 ¶ 5. Included among those files was a spreadsheet (the "1,718 File") that contained personally-identifiable information

5

and sensitive health information for about 9,000 LabMD patients, including patient names, Social Security numbers, birth dates, health insurance provider names and policy numbers, and medical treatment codes. *Id.*

9.   In 2010, after reviewing the files and consulting with other law enforcement agencies, FTC staff expanded the investigation by issuing voluntary access requests to several of these entities, including LabMD. Pet. Exh. 1 ¶ 6. The purpose of these access letters was to determine if these entities had violated laws enforced by the Commission by failing to use reasonable and appropriate security measures to safeguard sensitive information. *Id.*

10.   Though LabMD responded to the Commission's voluntary access requests, there were gaps in the materials and information produced. Pet. Exh. 1 ¶ 7. Accordingly, on December 21, 2011, the Commission issued separate CIDs, duly signed by a member of the Commission, to LabMD and Mr. Daugherty, pursuant to Resolution P954807 quoted above. *Id.*; *see also* Pet. Exhs. 2, 3.

11.   The CIDs sought to complete the investigation by obtaining information about, *inter alia*, LabMD's written and informal data security policies and practices and Mr. Daugherty's involvement in these practices. Pet. Exh. 1 ¶ 7; Pet. Exhs. 2, 3. To this end, the CIDs directed Mr. Daugherty and one or more representatives of LabMD to appear and testify at investigational hearings with

FTC staff. Pet. Exhs. 2, 3. The CIDs further required LabMD and Mr. Daugherty to respond to a limited set of interrogatories, and also required LabMD to respond to a single request for documents related to its data security practices that had not already been produced to the Commission in response to the voluntary access requests. *Id.* The CIDs instructed LabMD and Mr. Daugherty to provide the interrogatory responses and documents by January 13, 2012, and scheduled the investigational hearings for January 23, 2012. *Id.* Finally, the CIDs required the recipients to certify that they had complied with the CID requirements. *Id.*

12. Commission Rule 2.7(d)(1) provides a procedure for the recipient of a subpoena to file a petition to quash or limit the subpoena that raises "all assertions of privilege or other factual or legal objections to the . . . civil investigative demand" within twenty days of the date of service. 16 C.F.R. § 2.7(d)(1). Commission Rule 2.7(f) further provides that a petitioner may request review of an initial ruling on a petition to quash by the full Commission. 16 C.F.R. § 2.7(f).

13. On January 10, 2012, pursuant to Commission Rule 2.7(d), 16 C.F.R. § 2.7(d), LabMD and Mr. Daugherty filed timely petitions to limit or quash the CIDs. Pet. Exhs. 4, 5. In their petitions, LabMD and Mr. Daugherty raised a number of claims challenging the FTC's authority to investigate their data security practices. *See generally* Pet. Exh. 4.

7

14. By letter ruling, Commissioner Julie Brill denied the petitions to limit or quash on April 20, 2012, finding the arguments factually and legally unsupported. Pet. Exh. 6. Commissioner Brill's ruling set a deadline of May 11, 2012, for all responses other than testimony and ordered that investigational hearings be held at such dates and times as Commission staff may direct in writing. *Id.* at 13. The ruling notified LabMD and Mr. Daugherty of their right to request review of the ruling by the full Commission, but noted that such review would not stay the ruling's compliance schedule. *Id.* at 1-2.

15. On April 25, 2012, pursuant to Commission Rule 2.7(f), 16 C.F.R. § 2.7(f), LabMD and Mr. Daugherty submitted a request for review by the full Commission. Pet. Exh. 7. On June 21, 2012, the Commission affirmed the April 20, 2012, ruling denying the petitions to limit or quash the CIDs. Pet. Exh. 8.

16. On June 25, 2012, following the Commission's ruling, FTC staff contacted respondents to discuss compliance with the CIDs. Pet. Exh. 1 ¶ 11. In response, by letter dated June 29, 2012, respondents renewed the objections raised in their unsuccessful petitions to quash and refused to make any representations regarding any plans to comply with the CIDs. Pet. Exh. 9. To date, LabMD and Mr. Daugherty have taken no steps to comply. Pet. Exh. 1 ¶ 12.

17. The CIDs are within the Commission's authority; the information and

documents sought are reasonably relevant to the Commission's investigation; and the CIDs do not impose an unreasonable burden on either respondent. Further, respondents' failure to comply with the CIDs greatly impedes the Commission's ongoing investigation, and prevents the Commission from completing its investigation in a timely manner. Pet. Exh. 1 ¶ 13.

### *Prayer for Relief*

WHEREFORE, the Commission invokes the aid of this Court and prays:

a.   For the immediate issuance of an order directing respondents to appear and show cause why they should not comply in full with the CIDs;

b.   For a prompt determination of this matter and an order requiring respondents to fully comply with the CIDs within ten (10) days of such order, or at such later date as may be established by the Commission;

c.   For such other relief as this Court deems just and proper.

Respectfully submitted,

WILLARD K. TOM
General Counsel

JOHN F. DALY
Deputy General Counsel for Litigation

LESLIE RICE MELMAN
Assistant General Counsel for Litigation

BURKE W. KAPPLER
BRADLEY D. GROSSMAN
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, D.C. 20580
Telephone: (202) 326-2043 (Kappler)
Telephone: (202) 326-2994 (Grossman)
Fax: (202) 326-2477
Email: bkappler@ftc.gov
Email: bgrossman@ftc.gov

LOCAL COUNSEL:

s/ Ryan T. Holte
RYAN T. HOLTE
Georgia Bar No. 156327
CINDY A. LIEBES
Georgia Bar No. 451976
Federal Trade Commission
Suite 1500
225 Peachtree Street, NE
Atlanta, GA 30303

Dated: August 29, 2012

Telephone: (404) 656-1360 (Holte)
Telephone: (404) 656-1359 (Liebes)
Fax: (404) 656-1379
Email: rholte@ftc.gov
Email: cliebes@ftc.gov